IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERRY HAWES,  No. C 12-0020 WHA (PR)

    Petitioner,  **ORDER OF DISMISSAL**

v.

STATE OF CALIFORNIA,

    Defendant.
                                 /

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this petition for a writ of mandamus. For the reasons discussed below, the petition is **DISMISSED** for failure to state a cognizable claim for relief.

## ANALYSIS

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

(9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. LEGAL CLAIMS

Petitioner seeks a writ of mandamus ordering state court officials and officials in his county jail to declare him competent.

Writs of mandamus have been abolished in the United States District Courts. Fed. R.Civ.P. 81(b); *Finley v. Chandler, 377 F.2d 548* (9th Cir. 1967). District courts may, however, grant writs in the nature of mandamus under 28 U.S.C. 1651 (the All Writs Act) when necessary or appropriate in aid of their jurisdiction. 28 U.S.C. 1651; *Finley*, 377 F.2d at 548. The "in aid of their jurisdiction" language does not allow a district court to assume jurisdiction of a bare mandamus petition, when no other basis for federal jurisdiction appears. *See Petrowski v. Nutt,* 161 F.2d 938, 939 (9th Cir. 1947). The district court may not issue original writs, even when violations of constitutional rights are alleged. *Ibid.* As the court stated in *Petrowski*, "the writ, when issued, would necessarily be auxiliary or ancillary in character and fashioned to preserve

the jurisdiction given by other and original processes." 161 F.2d at 939. A writ in the nature of mandamus from a federal court to compel a state court or official to take or refrain from some action is, moreover, frivolous as a matter of law. *Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991).

It is thus clear that a writ in the nature of mandamus that petitioner seeks may not be granted.

## CONCLUSION

For the reasons set out above, the petition for a writ of mandamus is **DISMISSED** without prejudice to petitioner seeking injunctive relief in a civil rights action against county jail officials.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: March  22 , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.12\HAWES0020.DSM.wpd